WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GoDaddy.com LLC and GoDaddy.com LLC Welfare Benefit Plan,<br><br>    Plaintiffs,<br><br>v.<br><br>Dustin Monson,<br><br>    Defendant. | No. CV-16-0948-PHX-DKD<br><br><br>**ORDER** |

Defendant Dustin Monson moves to dismiss the breach of contract claim brought in Count Two of the Complaint by Plaintiffs GoDaddy.com LLC and GoDaddy.com LLC Welfare Benefit Plan ("GoDaddy"). (Doc. 15) Monson argues that GoDaddy cannot maintain a state law cause of action because it is expressly preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). In response, GoDaddy argues that a breach of contract claim is permitted in these circumstances by a binding and valid Ninth Circuit case. (Doc. 16) The Court concludes that this case is distinguishable and finds that the breach of contract claim is a legal remedy that is not available under ERISA's equitable recovery scheme. The Court will therefore grant Monson's motion to dismiss.

**Factual and Procedural Background**

The relevant background appears to be undisputed. (Docs. 15, 16, 17) Monson was injured in a motorcycle accident while he was a GoDaddy employee and covered by the GoDaddy Welfare Benefit Plan ("Plan"). He recovered tort damages for his injuries

when he settled his demands for the policy limit from the adverse driver and from his own underinsured motorist policy. Because the Plan had paid for Monson's medical expenses, it demanded reimbursement from settlement proceeds pursuant to the Plan's terms for subrogation and reimbursement. Monson did not comply and so GoDaddy initiated this action seeking legal and equitable relief.

## Analysis

ERISA permits civil actions

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of . . . the terms of the plan.

29 U.S.C. § 1132(a)(3). By its plain terms, equitable relief is authorized. The question here is whether Section 1132(a)(3) permits legal relief such as the breach of contract claim asserted in Count Two. At the outset, the Court notes that the statute's clear failure to reference legal relief would appear to doom any claims for breach of contract. *Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of legal relief."). *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1174 (9th Cir. 2004) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002)) ("The basis for petitioners' claim is . . . that petitioners are contractually entitled to *some* funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.") *See also Oregon Teamster Employers Trust v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1162 (9th Cir. 2015) (W. Fletcher, J. concurring) ("[a]n ERISA fiduciary cannot bring a damages suit to enforce an ERISA plan; it can sue only for equitable relief. Nor can such a fiduciary bring a state-law breach of contract suit to enforce the terms of the ERISA plan, because such a suit would clearly "relate to an[ ] employee benefit plan" and thus be preempted. 29 U.S.C. § 1144(a)."). (internal citation omitted).

GoDaddy argues that its breach of contract claim survives because there is one case where the Ninth Circuit did not find that a Plan's breach of contract claim was preempted. *McDowell*, 385 F.3d at 1173. In *McDowell*, a Plan sued insureds in state court to recover third-party settlement proceeds. *Id*. at 1171. Specifically, the Plan alleged two breach of contract claims: one alleging that the insureds had violated the Plan contract and another claim alleging that the insureds had a secondary contract between the insureds and their attorneys which "direct[ed] their attorney to reimburse [the Plan] for benefits paid in the event of any recovery from a third party." *Id*. The insureds removed the case to federal court where the district "court held that it had removal jurisdiction and that ERISA preemption barred [the Plan's] claims." *Id*. On appeal, the Ninth Circuit concluded that the Plan's breach of contract claim against McDowell was not preempted because "[a]djudication of [the Plan's] claim does not require interpreting the plan" and "[b]ecause this is merely a claim for reimbursement based upon the third-party settlement, it does not 'relate to' the plan." *Id*. at 1172.[1]

The *McDowell* Court found that the breach of contract claim was not preempted and it also found that the claim was "not within ERISA's civil enforcement provisions." *Id*. at 1173. Accordingly, the Court concluded that the claim did not meet the two part test for removal jurisdiction and remanded the contract claims to state court. *Id*.

Since then, parties—and Courts—have struggled to harmonize *McDowell*'s conclusion that adjudicating a breach of contract claim does not require interpretation of the plan with preexisting Ninth Circuit precedent like *Bui v. American Telephone & Telegraph Co. Inc.*, 310 F.3d 1143, 1152 (9th Cir. 2002) ("ERISA preempts [the insured's] contract claims. These claims do not merely reference the ERISA plan, they require its construction because the contract allegedly breached is the ERISA plan itself. Accordingly, ERISA preempts the contract claims.") (internal citations omitted). Judge

---

[1] The Ninth Circuit reached this question because the U.S. Supreme Court explicitly left open the question of "whether a direct action by petitioners against respondents asserting state-law claims such as breach of contract would [be] preempted by ERISA." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 220 (2002).

- 3 -

William Fletcher's above-cited concurrence in *Oregon Teamster Employers Trust* also comments on the tension that exists between the ERISA preemption and the Ninth Circuit's holding in *McDowell*:

> *McDowell* and this case can be distinguished in two ways, but neither finds significant support in ERISA. The result in *McDowell* depends on the panel's claim that '[a]djudication of (the fiduciary's) claim does not require interpreting the plan or dictate any sort of distribution of benefits.' [*McDowell*, 385 F.3d at 1172]. In this case, by contrast, as the panel opinion explains, OTET's breach of contract claim both requires interpreting the plan and turns on a provision that dictates the distribution of benefits. *See* Op. at 1156. But the first distinction is entirely illusory, and the second is a distinction without a difference.

*Oregon Teamster Employers Trust*, 800 F.3d at 1162.  But apart from this fair criticism of the rationale of *McDowell*, there remains a basis to conclude that *McDowell* still requires dismissal of the contract claim where the claim only asserts a breach of the plan itself. This is because the *McDowell* Court addressed two independent breach of contract claims but did not distinguish between them in its analysis.[2]  (Docs. 15, 17)   In contrast to *McDowell* where the contract claim also sought to enforce the secondary contract between the insureds and their attorneys, GoDaddy's claim asserts only a breach of the plan itself.  Thus the claim has reference to an ERISA plan, which necessarily requires interpretation of the Plan.  In such a case the state claim is properly preempted. *Oregon Teamster Employers Trust*, 800 F.3d at 1156.

Nor is there a basis to conclude that the relief sought in Count Two fits within the traditional realm of permissible ERISA equitable relief which the Supreme Court described at length in *Sereboff v. Mid Atlantic Medical Services*, 547 U.S. 356, 126 S.Ct. 1869 (2006).

Finally, it may not be necessary to distinguish *McDowell*.  The procedural posture of *McDowell* presented a question of removal jurisdiction which the Ninth Circuit

---

[2] This Court notes that the Plan was not a party to the secondary contract and that the secondary contract could not have been "enforced without reference to the employee benefit plan."   *Providence Health Plan v. McDowell*, 3:01-cv-01704-JE, Doc. 13 (Opinion and Order at 4, n.1)

resolved in the negative. In other words, the *McDowell* breach of contract claim was not preempted by ERISA but it could not remain in federal court. 385 F.3d at 1173. GoDaddy's complaint alleges that this Court has removal jurisdiction under 28 U.S.C. § 1441(c) ("Removal of civil actions; joinder of Federal law claims and State law claims"). (Doc. 1 at ¶10) However, GoDaddy does not explain how to distinguish this case from *McDowell* in a way that would allow this Court to retain jurisdiction over the state law claim of breach of contract.

**Conclusion**

Either this case is different from *McDowell* because GoDaddy's breach of contract claim does require interpretation of the ERISA plan and, as a result, the claim is preempted. Or this case is similar to *McDowell* because the breach of contract claim is not within the scope of Section 1132(a) and, therefore, the Court does not have removal jurisdiction. Either way, the conclusion is the same and the breach of contract claim should not stand in federal court.

**IT IS THEREFORE ORDERED** granting Defendant Monson's Motion to Dismiss Count Two of Plaintiff's Complaint (Doc. 15).

Dated this 20th day of September, 2016.

_____
David K. Duncan
United States Magistrate Judge